1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   JOSEPH STAFFORD,                  No. C 16-0914 WHA (PR)

10          Petitioner,          **ORDER GRANTING MOTION TO
DISMISS**

11   v.

12   ERIC ARNOLD,                (Dkt. No. 6)

13         Respondent.

14   ————————————————/

15

16                       **INTRODUCTION**

17      This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254

18 challenging his conviction in Alameda County Superior Court in 2005.  Respondent has filed a

19 motion to dismiss the petition as a second or successive petition.  Petitioner filed an opposition,

20 and respondent filed a reply brief.  The motion is granted and the case is dismissed.

21                      **STATEMENT**

22      In 2005, petitioner pled no contest in Alameda County Superior Court to attempted

23 murder with the use of a firearm.  The trial court sentenced petitioner to a term of seventeen

24 years in state prison.  Petitioner did not pursue direct review of his judgment, but he filed

25 habeas petitions in the California state courts.  In 2008, petitioner filed a habeas petition under

26 28 U.S.C. 2254 in federal court, *Stafford v. Disto*, No. C 08-3549 WHA (PR), in which he

27 claimed that the trial court violated his Sixth Amendment right to trial by jury under

28 *Cunningham v. California*, 549 U.S. 270 (2007), by imposing the upper term of ten years on the
enhancement for the personal use of a firearm.  The petition was denied on its merits on

**United States District Court**
For the Northern District of California

1    February 1, 2010, and a certificate of appealability was denied in the district court.  The United

2    States Court of Appeals also denied a certificate of appealability because the notice of appeal

3    was untimely.  The instant petition followed, in which he challenges the 2005 state court

4    judgment on the same grounds, and also claims that he received ineffective assistance of

5    counsel.

6                                        **ANALYSIS**

7            Respondent argues that the instant petition is a second or successive federal habeas

8    petition, insofar as it challenges the same 2005 state court judgment that petitioner challenged

9    in his prior federal petition.  A second or successive petition challenging the same state court

10   judgment under Section 2254 may not be filed in federal district court unless the petitioner first

11   obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this

12   court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Petitioner has not sought or

13   obtained such an order from the Court of Appeals.

14           Petitioner's current petition challenging the same state court judgment is the very type

15   of practice — successive challenges to the same state court judgment — to which the

16   restrictions of Section 2244(b) apply.  These restrictions apply, moreover, even where petitioner

17   raises a new claim.  As a result, the instant petition must be dismissed without prejudice.  This

18   dismissal does not foreclose petitioner from ever obtaining federal habeas relief on the claims in

19   the instant petition.  Rather, he is simply required to obtain permission from the United States

20   Court of Appeals to file a second or successive petition in the district court.  Once he obtains

21   such permission, he may file his claims in a new habeas petition in federal district court and the

22   claims will be considered, subject to time limits.

23                                      **CONCLUSION**

24           For the foregoing reasons, respondent's motion to dismiss (dkt. 6) is **GRANTED** and the

25   petition is **DISMISSED** without prejudice.

26           Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

27   rule on whether a petitioner is entitled to a certificate of appealability in the same order in

28

                                           2

1   which the petition is denied.  Petitioner has failed to make a substantial showing that a

2   reasonable jurist would find the dismissal of his petition debatable or wrong.  *Slack v.*

3   *McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted

4   in this case.

5         The clerk shall enter judgment and close the file.

6         **IT IS SO ORDERED.**

7

8   Dated: August __12__, 2016.



9         WILLIAM ALSUP
      UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California